UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

ERICK JOEL CRUZ-CABRERA                                              PETITIONER

VERSUS                                         CIVIL ACTION NO. 3:14CV331-WHB-RHW

MARK MARTIN                                                           RESPONDENT

### PROPOSED FINDINGS OF FACT AND RECOMMENDATION

Before the Court is Erick Joel Cruz-Cabrera's (Petitioner) 28 U.S.C. § 2241 petition for writ of habeas corpus.  Doc. [1].  Petitioner challenges the calculation of his federal sentence.  He asserts that he should receive credit for time spent at liberty after state authorities in Puerto Rico inadvertently or negligently released him at the conclusion of his state jail sentence.  The Government argues that Petitioner failed to exhaust his administrative remedies and that as a matter of law he is not entitled to credit against his federal sentence for the time spent at liberty based on errors of the state authorities.

Petitioner is incarcerated at the Federal Correctional Complex in Yazoo City, Mississippi on two federal sentences.  Doc. [1] at 38-39.  On August 24, 2005, while Petitioner was in custody in Puerto Rico, the U.S. District Court for the District of Puerto Rico imposed a 150-month prison term based on Petitioner's guilty plea to federal drug charges.  Doc. [8-1].  In January 2006, Petitioner was returned to state custody to serve the remainder of his state prison term.  Doc. [1] at 4; Doc. [8-5] at 1.  On January 25, 2006, the U.S. Marshals Service in Puerto Rico placed a federal detainer on Petitioner.  Doc. [8-3] at 3.  On January 7, 2009, Petitioner was released from jail in Puerto Rico after completing his state sentence.  Doc. [1] at 32-37.  Despite the federal detainer, Petitioner was inadvertently released into the free world rather than being

turned over to federal authorities to serve his federal sentence.  Doc. [1] at 5, 38-39; Doc. [8-5] at 2.

On February 24, 2012, Petitioner was re-arrested.  Doc [1] at 5.  On October 10, 2012, the U.S. District Court for the District of Puerto Rico imposed a 72-month prison term based on Petitioner's guilty plea for possession of a firearm in furtherance of a drug trafficking crime, with the sentence to be served consecutive to his first sentence.  Doc. [8-2].  Petitioner then filed the instant § 2241 petition on April 8, 2014.

## Law and Analysis

As an initial matter, the undersigned concludes that the petition should be dismissed because Petitioner failed to exhaust administrative remedies.  Prior to seeking habeas relief pursuant to § 2241, federal inmates must exhaust administrative remedies within the Bureau of Prisons.  *Rourke v. Thompson*, 11 F.3d 47, 49 (5th Cir. 1993).  Moreover, an inmate cannot satisfy the exhaustion requirement "by filing an untimely or otherwise procedurally defective administrative grievance or appeal" because "proper exhaustion of administrative remedies is necessary."  *Woodford v. Ngo*, 548 U.S. 81, 83-84 (2006).  The Bureau of Prisons has a four step administrative remedies process.  28 C.F.R. §§ 542.10-542.19.  An inmate first must attempt to resolve the complaint informally with staff.  *Id.* at § 542.13(a).  Second, the inmate must submit a formal written administrative remedy request to the Warden.  *Id.* at § 542.14.  Third, the inmate may appeal the Warden's response to the appropriate Regional Director.  *Id.* at § 542.15(a).  Fourth, the inmate may appeal the Regional Director's response to the Bureau of Prison's General Counsel.  *Id.*

Petitioner's appeal to the Office of General Counsel was incomplete because he omitted

certain documents. Doc. [8-8] at 4. Petitioner failed to re-file the appeal. *Id.* In his reply, Petitioner apparently concedes that he omitted certain required documents but argues that the Bureau of Prisons already had access to the missing documents. Doc. [10] at 2. Regardless, Petitioner filed a procedurally defective appeal with the Office of General Counsel. Consequently, the undersigned finds that he failed to exhaust administrative remedies.

In the alternative, the undersigned finds that the petition fails on the merits. Petitioner is not entitled to credit for time erroneously spent at liberty. In some circumstances a prisoner may receive credit against a sentence if the error of government officials prevented him from serving his sentence. *Leggett v. Fleming*, 380 F.3d 232, 234 (5th Cir. 2004). However, a prisoner is not entitled to credit when there is a delay in the execution of a sentence. *Id.* Moreover, "the errors of state officials should not impact a prisoner's service of his federal sentence" where there is no evidence that the federal authorities erred in seeking to enforce the prisoner's federal sentence. *Id.* at 235-36. Based on controlling Fifth Circuit precedent, the undersigned finds that Petitioner is not entitled to credit for time spent at liberty where the Marshals Service filed a detainer with the state authorities, but state authorities erroneously released Petitioner from custody without notifying the Marshals Service. *See id.*

## RECOMMENDATION

Based on the foregoing, the undersigned recommends that Erick Joel Cruz-Cabrera's 28 U.S.C. § 2241 petition be dismissed for failure to exhaust administrative remedies, or in the alternative, that it be denied on the merits.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to this report must

serve and file written objections within fourteen (14) days after being served with a copy unless the time period is modified by the District Court.  A party filing objections must specifically identify those findings, conclusions and recommendations to which objections are being made; the District Court need not consider frivolous, conclusive or general objections.  Such party shall file the objections with the Clerk of the Court and serve the objections on the District Judge and on all other parties.  A party's failure to file such objections to the proposed findings, conclusions and recommendation contained in this report shall bar that party from a de novo determination by the District Court.  Additionally, a party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in this report within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed **factual findings and legal conclusions** that have been accepted by the district court and for which there is no written objection. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

      SO ORDERED, this the 20th day of August, 2015.

      /s/ *Robert H. Walker*
      ROBERT H. WALKER
      UNITED STATES MAGISTRATE JUDGE