```
        IN THE UNITED STATES DISTRICT COURT
     FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                  NORTHERN DIVISION
```

**ERICK JOEL CRUZ-CABRERA**                                    **PETITIONER**

**VS.**                               **CIVIL ACTION NO. 3:14-cv-331-WHB-RHW**

**MARK MARTIN**                                                **RESPONDENT**

<u>**OPINION AND ORDER**</u>

This cause is before the Court on the Report and Recommendation ("R and R") of United States Magistrate Judge Robert H. Walker. After considering the R and R[1] and the other pleadings in this case, the Court finds it should be adopted in its entirety.

## I.  Discussion

In August of 2005, Erick Joel Cruz-Cabrera ("Cruz-Cabrera") was sentenced to a 150-month term of imprisonment in the United States District Court for District of Puerto Rico after pleading guilty to federal drug charges. Cruz-Cabrera was later returned to state custody to serve the remainder of a state-ordered term of imprisonment. The United States Marshal Service placed a federal detainer on Cruz-Cabrera in January of 2006.

In January of 2009, in spite his being subject to a federal detainer, Cruz-Cabrera was released into the free world after he completed his state sentence in Puerto Rico. On February 24, 2012,

---

[1] The parties were required to file objections to the R and R on or before September 3, 2015. No objections were filed.

Cruz-Cabrera was arrested and charged with possession of a firearm in furtherance of a drug trafficking crime in violation of federal law. After pleading guilty, Cruz-Cabrera was sentenced to a 72-month term of imprisonment on the firearm charge. This sentence was ordered to run consecutive to the remainder of his prior federal drug-related sentence.

In April of 2014, Cruz-Cabrera filed a Petition under 28 U.S.C. § 2241 in this Court challenging the manner in which his federal sentence was calculated. Specifically, Cruz-Cabrera argues that the Bureau of Prisons ("BOP") erred in calculating his sentence by refusing to give him credit for the time he spent at liberty after the state authorities inadvertently or negligently released him at the conclusion of his state-ordered term of imprisonment. In response, the Government argued that Cruz-Cabrera was not entitled to relief under Section 2241 because (1) he had not exhausted the administrative remedies available through the BOP, and (2) he was not entitled to credit toward his federal sentence for the time spent at liberty because his release from jail was the result of errors committed by the state authorities.

The matter came before United States Magistrate Judge Robert H. Walker who entered a R and R recommending the dismissal of Cruz-Cabrera's Section 2241 Petition. See R and R [Docket No. 11]. In his R & R, Judge Walker found that Cruz-Cabrera had not exhausted his administrative remedies as is required before seeking

relief under 28 U.S.C. § 2241.  <u>Id.</u> at 2 (citing <u>Rourke v. Thompson</u>, 11 F.3d 47, 49 (5th Cir. 1993), a case in which the United States Court of Appeals for the Fifth Circuit held that federal inmates must exhaust administrative remedies with the BOP prior to seeking habeas relief under 28 U.S.C. § 2241).  Judge Walker additionally found that Cruz-Cabrera would not be entitled to credit for the time he spent at liberty because his release was the result of the state authorities' failing to abide by the federal detainer that had been timely placed on him.  <u>See</u> R and R, 3 (citing <u>Leggett v. Fleming</u>, 380 F.3d 232, 234 (5th Cir. 2004)).  Based on these findings, Judge Walker recommended that Cruz-Cabrera's Petition for habeas relief under Section 2241 be denied.

After reviewing the R and R, to which no objections have been filed, as well as Cruz-Cabrera's 28 U.S.C. § 2241 Petition and the other pleadings in this case, the Court agrees that the Section 2241 Petition should be dismissed for the reasons stated by Judge Walker.  Accordingly, the Court will adopt Judge Walker's R and R recommending the dismissal of this case.

For the foregoing reasons:

IT IS THEREFORE ORDERED that the August 20, 2015, Report and Recommendation of United States Magistrate Judge Robert H. Walker [Docket No. 11], is hereby adopted as the ruling of this Court.

A Final Judgment dismissing this case shall be entered this day.

IT IS FURTHER ORDERED that a Certificate of Appealability should not issue.  Petitioner has failed to make a substantial showing of the denial of a constitutional right.

SO ORDERED this the 16th day of September, 2015.

s/ William H. Barbour, Jr.<br>UNITED STATES DISTRICT JUDGE